CASE 68—PETITION EQUITY—SEPTEMBER 25.

# Baker, &c., v. Farmers' Tobacco Warehouse Company.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. SURETIES AND GUARANTORS.—Where one, in becoming guarantor or surety for the performance of a contract to be hereafter made, is silent as to the details of the contract to be made, that matter is left to the discretion of the principals, and if their discretion is not abused to such an extent as to amount to a fraud upon the guarantor or surety, he is bound by the contract made, although its terms may be such as to make his risk greater than he had supposed it would be.

Appellants executed to appellee a writing agreeing that H. & Co. "will well and faithfully carry out and fulfill their contract with said warehouse company in the advance of supplies and money to farmers on growing crops, and that said H. & Co. will pay over and return to said warehouse all amounts so advanced on the present growing crops." After the execution of this writing appellee and H. & Co. entered into a contract, by the terms of which H. & Co. agreed to

buy growing crops of tobacco, and make advancements to the farmer in money or goods, taking notes for the advancements payable to appellee, the farmer to agree in said notes to deliver the tobacco to appellee. H. & Co. were to be responsible to appellee for the money advanced. *Held*—That as the purchase of the crops of tobacco and the advancements thereon were the objects desired, and for the performance of which appellants obligated themselves, it makes no difference, so far as they are concerned, whether appellee was to furnish the money with which to make the advancements, or were to reimburse H. & Co. after they had made the advancements. In either event appellants are liable to appellee for the money advanced.

2. SAME—NOTICE TO GUARANTOR.—If the obligation executed by appellants be construed to be a guaranty, it was not such as required notice to appellants of the amounts of advancements. But even if notice was required it was given.

JOHN ROBERTS, R. W. MASTERSON, THOS. J. McELRATH AND J. K. GOODLOE FOR APPELLANTS.

1. As the contract under which the money was advanced by plaintiff to Hanks & Co. was different from that guarantied by defendants they are not bound upon their guaranty.

2. A demand on the principal debtor and notice of his default must be given to the guarantor in order to bind him. (2 Parsons on Contracts, p. 29.)

3. The contract sued on in this case is a contract of guaranty and not of suretyship. (Brandt on Suretyship and Guaranty, sec. 1. p. 2; Kellogg, &c., v. Dana, &c., 2 Met., 217; Marshall v. Peck, &c., 1 Dana, 610.)

4. The guarantor is not bound unless notified in a reasonable time of the acceptance of the guaranty. (Thompson v. Glover, 78 Ky., 193; Steadman v. Guthrie, 4 Met., 141; Estey v. Murphy (Superior Court), 7 Ky. Law Rep., 596.)

GIBSON AND GIBSON FOR APPELLEE.

1. When a person executes a bond like the one sued on herein, or any other absolute undertaking, no notice is required to be given of the acceptance in order to bind the obligors. (Brandt on Suretyship and Guaranty, secs. 164–167; Davis v. Wells, 104 U. S., 159.)

The case of Steadman v. Guthrie, 4 Met., 147, is not in point.

2. A guaranty is a commercial instrument. and is to be construed according to what is fairly to be presumed was the intention of the parties without any strict technical nicety. (Lee v. Dick, 10 Pet., 482; Bell v. Bruen, 1 How., 169; Lawrence v. McCalmont, 2 How., 426; Davis v. Wells, 104 U. S., 159.)

3. In cases where the law requires notice of the acceptance of the guaranty

Baker, &c., v. Farmers' Tobacco Warehouse Company.

no special form of notice is required; any thing that brings the knowl-
edge home to the guarantor is all the law requires. (Brandt on Surety-
ship, sec. 175.)

4. If the writing sued on was, in fact, a guaranty in strict legal sense, it
was a "continuous guaranty" during the year reaching from August
2, 1884, to August 1, 1885, and no notice of the acceptance needed to
be given until the transactions closed at the end of the year. (14 B.
M., 190.)

5. The terms of appellants' contract were not changed or varied.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellants executed to the appellee the following
writing:

"CARROLLTON, KY., August 2, 1889.

"We agree to and with the Farmers' Tobacco Ware-
house Company that Hanks & Co., of Carrollton, will
well and faithfully carry out and fulfill their contract
with said warehouse company in the advance of sup-
plies and money to farmers on growing crops. And
that said Hanks & Co. will pay over and return to
said warehouse all amounts so advanced on the present
growing crops.

"(Signed)      BAKER, GINN & Co."

The appellee sued the appellants as the sureties of
Hanks & Co. to recover the amount of money that
Hanks & Co. had received on the contract and had
not accounted for. The appellants contend that the
money was advanced to Hanks & Co. under a contract
variant from that mentioned in the contract sued on,
consequently they were not bound for Hanks & Co.'s
defalcation.

It is to be observed that Hanks & Co. and the ap-
pellee made the contract with the appellee after the
writing quoted was signed and delivered by the ap-
pellants to Hanks & Co., and they and the appellee

made their contract in consideration of said obligation to be responsible for its performance. There is some difference in the recollection of the witnesses as to what were the terms of the contract made by Hanks & Co. and the appellee. The appellee's agent recollects that Hanks & Co. agreed with the appellee to buy the farmers' tobacco, and make advancements on account of the tobacco in money or goods, and take the farmers' notes for the advancements, payable to the appellee, the farmers also agreeing in said notes to deliver said tobacco to the appellee, and then the appellee was to let Hanks & Co. have the amount that they had advanced on said tobacco, &c., and Hanks & Co. were to be responsible to the appellee for these advancements. On the other hand, Hanks and Little recollect the agreement to be, that the amount of money that they needed with which to buy tobacco was to be advanced to them, and they were to take the notes of the farmers, payable to the appellee, for the amounts advanced; the obligors were to bind themselves to deliver their tobacco to the appellee, and such of them as Hanks & Co. should not deem responsible should give mortgages to secure the performance of their undertaking, and that Hanks & Co. were to be responsible to the appellee for said advances.

It is certain that one or the other of said agreements was made. Is either of them variant from the obligation sued on? Let us see. The obligation obliged the appellants, first, to be responsible for Hanks & Co.'s performance of their contract with the appellee in the advance of supplies and money to the farmers

on their growing crops; second, that said Hanks &
Co. would pay to the appellee all amounts it ad-
vanced on the growing crops.

It is to be observed that there is no particular con-
tract to be made on the part of Hanks & Co. with
the appellee, mentioned in the first part of the appel-
lant's obligation.   According to said obligation, the
only contract contemplated was, that Hanks & Co.
were to buy the farmers' growing crops of tobacco,
and make the advancements on the tobacco, and the
appellee was to furnish the means with which to
make the advancements.

It seems clear that the foregoing is the only rational
interpretation to be given to the language used.   The
details of what said contract was to be were not given,
and if its details did not make it variant from what
is expressed above, the appellants are bound.   Then,
according to said contract, Hanks & Co. were to buy
the farmers' growing crops of tobacco, and make ad-
vancements thereon in either goods or money, and the
appellee was to furnish the wherewith.   Now, the ap-
pellee's object was to acquire a right to the farmers'
growing crops of tobacco, and the usual way was to
purchase them and make advancements thereon.   To
accomplish this arrangement it agreed with Hanks &
Co. that they should make the purchases and the
advancements, and the appellee was to furnish the
amount of these advancements at some stage of the
transactions, either to Hanks & Co. with which to
pay to the farmers, or to Hanks & Co. to reimburse
them for their making the advancements.   In either
case the advancements on account of the purchase of

the crops of tobacco were made by the appellee. In either case the advancements are made by Hanks & Co. as a go-between. Whether he advances on the tobacco purchase with his own money or that of the appellee, their purchase is for it. If they pay out of their right pocket with one hand, they put the same amount of the appellee's money in their other pocket with their left hand. In either case it is substantially the appellee's advancement, and is made on the purchase of tobacco for the appellee. Therefore, as the purchase of the crops of tobacco and the advancements thereon were for the benefit of the appellee, and as said purchase and advancements were the objects desired, and for the performance of which the appellants obligated themselves, we can see no difference, so far as the appellants are concerned, in the appellee's giving the money to Hanks & Co. with which to advance on the tobacco contracts, and the payment of the same amount to them on account of their advancements in their own goods or money. In either case the same end was accomplished, and for a failure of the appellee to get back their money thus advanced on either of said contracts the appellants are responsible.

It is clear as a general rule, that where, as in the case of a guarantor or surety, the consideration does not move to the guarantor or surety, and he is bound solely by the contract, a close adherence to the letter of the contract is the only equitable rule. Although the alteration of the contract is only partial, and the principal is still under obligations to that contract, though varied in some particulars, the an-

swer of the guarantor or surety that the contract to which he agreed no longer exists as a whole, and that he is not bound by the contract that has been put in its place, is quite sufficient.

But, in the nature of things, this rule can not obtain in a case where the terms of the proposed contract are not agreed on in detail; but if the detail thereafter agreed on constitutes the contract, the performance of which was guarantied, the guarantor or surety is bound on his obligation of guaranty, although the detail is variant from what he had hoped it might be; that is, one manner of performance less expeditious, or less practicable or safe, might be agreed on, instead of another more expeditious, practicable or safe. This, by the silence of the guarantor or surety, he agrees to leave to the discretion of the principals, and as long as that discretion is exercised in a manner not so abusive as to amount to a fraud upon the guarantor or surety, he is bound thereby. As said, the appellants bound themselves that Hanks & Co. should buy growing crops of tobacco and make advancements thereon, and that they should pay the appellee the amount of the advancements, the appellee having furnished the same. The manner of the performance of this contract having been left to the discretion of the principals, and the manner of the performance having been essentially within the scope of the contract, and the terms thereof complied with, the appellants are liable thereon. If said obligation be construed to be a guaranty, it is not such an one as requires notice to appellants as to the amount of the advancements; and if it was necessary to give the

appellants notice of the acceptance, it clearly appears that they had, such notice. It is unnecessary to notice in detail in this opinion the other grounds of defense. It suffices to say that they are not available. The judgment is affirmed.